**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| BANCO DELTA ASIA, S.A.R.L., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 1:13-cv-00333 (BAH) |
| FINANCIAL CRIMES ENFORCEMENT NETWORK, *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |

## DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendants Financial Crimes Enforcement Network ("FinCEN"); Kenneth A. Blanco, in his official capacity as Director of FinCEN; the Department of the Treasury; and Steven T. Mnuchin, in his official capacity as Secretary of the Treasury, hereby answer Plaintiffs' First Amended Complaint, ECF No. 48.

The introductory paragraph consists of Plaintiffs' characterization of the First Amended Complaint, not allegations of fact to which a response is required.

1.    Admitted that FinCEN promulgated a final rule pursuant to Section 311 of the USA PATRIOT ACT, 31 U.S.C. § 5318A, imposing a special measure against Banco Delta Asia, S.A.R.L.  Otherwise, this paragraph consists of Plaintiffs' characterization of the First Amended Complaint, not allegations of fact to which a response is required.

2.    This paragraph consists of legal conclusions, not allegations of fact to which a response is required.  To the extent that a response is deemed required, denied.

3.    This paragraph consists of legal conclusions, not allegations of fact to which a response is required.  To the extent that a response is deemed required, denied.

4.      This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, denied.

5.      This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, admitted.

6.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff Banco Delta Asia is currently a "small commercial bank" that is "licensed"; otherwise, admitted.

7.      Admitted that Plaintiff Delta Asia Group (Holdings) Ltd. "is a holding company which owns BDA"; otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

8.      Admitted that Plaintiff Stanley Au "is Chairman of Delta Asia Group and BDA"; otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

9.      The first sentence consists of conclusions of law, not allegations of fact to which a response is required; to the extent that a response is deemed required, admitted.  The second sentence is admitted.

10.     The first and second sentences consist of conclusions of law, not allegations of fact to which a response is required; to the extent that a response is deemed required, admitted. The third sentence consists of Plaintiffs' characterization of the First Amended Complaint, not allegations of fact to which a response is required.

11.     The first sentence consists of conclusions of law, not allegations of fact to which a response is required; to the extent that a response is deemed required, admitted.  The second sentence is admitted.

12.     The first sentence consists of conclusions of law, not allegations of fact to which a response is required; to the extent that a response is deemed required, admitted.  The second sentence consists of Plaintiffs' characterization of the First Amended Complaint, not allegations of fact to which a response is required.

13.     The first sentence is admitted.  The second sentence consists of legal conclusions, not allegations of fact to which a response is required.  To the extent that a response is deemed required, admitted that Plaintiffs have accurately quoted portions of notes related to 31 U.S.C. § 5311; Defendants respectfully refer the Court to those notes for a full and complete statement of their contents.

14.     The first and second sentences consist of legal conclusions, not allegations of fact to which a response is required.  To the extent that a response is deemed required, admitted that Plaintiffs have accurately quoted portions of 31 U.S.C. § 5318A; Defendants respectfully refer the Court to the statute for a full and complete statement of its contents.  The third sentence consists of legal conclusions, not allegations of fact to which a response is required; to the extent that a response is deemed required, denied that the fifth special measure is "the most severe"; otherwise, admitted.  With respect to the fourth sentence, the allegations that "[t]he immediate legal effect of imposing the fifth special measure is to cut a foreign financial institution off from all ties to the U.S. banking system" consist of legal conclusions, not allegations of fact to which a response is required; to the extent that a response is deemed required, denied.  Insofar as the terms "ties," "practical effect," "cut it off," and "worldwide banking system" are vague and undefined, Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in the fourth sentence.

15.     This paragraph consists of legal conclusions, not allegations of fact to which a response is required.  To the extent that a response is deemed required, admitted that Plaintiffs have accurately quoted portions of 31 U.S.C. § 5318A; Defendants respectfully refer the Court to the statute for a full and complete statement of its contents.

16.     With respect to the first sentence, admitted that in April 2004, FinCEN imposed the fifth special measure against the jurisdiction of Burma, Mayflower Bank, and Asia Wealth Bank.  Insofar as the term "substantial advance notice of U.S. government and international concerns" is vague and undefined, Defendants lack knowledge or information sufficient to admit or deny the allegations in the second sentence.  The third sentence is admitted, except that Defendants lack knowledge or information sufficient to admit or deny the allegations that "FATF members issu[ed] advisories to their financial sectors recommending enhanced scrutiny of transactions involving Burmese financial institutions."  The fourth sentence consists of Plaintiffs' characterization of an advisory issued by FinCEN; Defendants respectfully refer the Court to the advisory for a full and complete statement of its contents.  To the extent that a response is deemed required, admitted that in April 2002, FinCEN issued an advisory providing in part that "[b]anks and other financial institutions operating in the United States are advised to give enhanced scrutiny to all financial transactions originating in or routed to or through Burma, or involving entities organized or domiciled, or persons maintaining accounts, in Burma."  The fifth sentence consists of Plaintiffs' characterization of an Executive Order; Defendants respectfully refer the Court to the Executive Order for a full and complete statement of its contents.  To the extent that a response is deemed required, admitted that in July 2003, the President issued Executive Order 13310, which blocked property of the government of Burma and prohibited certain transactions.  The sixth sentence is denied.

17.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences.  Insofar as the terms "small," "region," "significant presence," and "broad range" are vague and undefined, Defendants lack knowledge or information sufficient to admit or deny the allegations in the second sentence. Insofar as the term "[a]t that time" is vague and undefined, Defendants lack knowledge or information sufficient to admit or deny the allegations in the fourth sentence.

18.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

19.     Insofar as the terms "historic ties," "many other banks," "relationships," "a number," and "ties" are vague and undefined, Defendants lack knowledge or information sufficient to admit or deny the allegations in the first sentence.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence. The third sentence is denied.

20.     The first sentence is admitted.  Insofar as the terms "published reports" and "significant debate" are undefined and vague, Defendants lack knowledge or information sufficient to admit or deny the allegations in the second sentence.  Insofar as the second sentence consists of Plaintiffs' characterization of certain unspecified "published reports," Defendants respectfully refer the Court to those documents for a full and complete statement of their contents.  Insofar as the term "serious disagreement within the Administration" is undefined and vague, Defendants lack knowledge or information sufficient to admit or deny the allegations in the third sentence.  Insofar as the third sentence consists of Plaintiffs' characterization of certain documents, Defendants respectfully refer the Court to those documents for a full and complete statement of their contents.

21.     With respect to the first sentence, admitted that the U.S. Government has imposed economic sanctions against "various North Korean persons in recent years."  Otherwise, insofar as the terms "few restrictions" and "doing business generally" are undefined and vague, Defendants lack knowledge or information sufficient to admit or deny the allegations in the first sentence.  The second sentence consists of legal conclusions, not allegations of fact to which a response is required.  To the extent that a response is deemed required, Defendants respectfully refer the Court to the regulation for a full and complete statement of its contents.

22.     With respect to the first sentence, admitted that the U.S. Government has imposed economic sanctions that were in effect in 2005 against "North Korean persons involved in the proliferation of weapons of mass destruction."  Otherwise, insofar as the term "generally targeted specifically identified" is undefined and vague, Defendants lack knowledge or information sufficient to admit or deny the allegations in the first sentence.  With respect to the second sentence, the allegation that Banco Delta Asia is "not subject to U.S. regulations" consists of legal conclusions, not allegations of fact to which a response is required.  Otherwise, Defendants lack knowledge or information sufficient to admit or deny the allegations in the second sentence.  Defendants lack knowledge or information sufficient to admit or deny the allegations in the third sentence, except to deny that FinCEN "blacklisted" any financial institution.

23.     With respect to the first sentence, admitted that prior to March 13, 2013, the Department of the Treasury had not issued a finding that reasonable grounds exist for concluding that the jurisdiction of North Korea is a foreign jurisdiction of primary money laundering concern; otherwise, denied.  Defendants further answer by stating that FinCEN issued a finding that reasonable grounds exist for concluding that the jurisdiction of North Korea is a foreign jurisdiction of primary money laundering concern pursuant to Section 311 of the USA PATRIOT

Act on May 27, 2016.  With respect to the second sentence, admitted that prior to March 13, 2013, the Department of the Treasury had not imposed the fifth special measure against the jurisdiction of North Korea or any other North Korean financial institution; otherwise, denied. Defendants further answer by stating that FinCEN imposed the fifth special measure against the jurisdiction of North Korea on November 9, 2016, and against a Chinese financial institution serving as a conduit for North Korea on November 2, 2017.  The third sentence is denied, except to admit that FinCEN issued a finding that reasonable grounds exist for concluding that the jurisdiction of North Korea is a foreign jurisdiction of primary money laundering concern on May 27, 2016, and that FinCEN imposed the fifth special measure against the jurisdiction of North Korea on November 9, 2016.  The fourth sentence consists of legal conclusions, not allegations of fact to which a response is required; to the extent that a response is deemed required, admitted that prior to September 2005, the Department of the Treasury did not "issue any public warning . . . that banks were at risk of being designated as 'of primary money laundering concern' if they did business generally with North Korean banks or customers."  The fifth sentence is admitted, except that Defendants lack knowledge or information sufficient to admit or deny the allegations regarding advisories issued by the Financial Action Task Force. With respect to the sixth sentence, admitted, except that Defendants lack knowledge or information sufficient to admit or deny the allegations regarding advisories issued by the Financial Action Task Force.  Defendants further answer by stating that FinCEN's decision to issue the Notice of Finding and Notice of Proposed Rulemaking ("NPRM") was not based on the fact of Banco Delta Asia's relationship with North Korean banks or customers, but instead on the money laundering activities occurring at Banco Delta Asia.

24.     Insofar as the term "certain members of the Bush Administration" is undefined and vague, Defendants lack knowledge or information sufficient to admit or deny the allegations in the first and second sentences.  Insofar as Plaintiffs allege in the first and second sentences that FinCEN's imposition of the fifth special measure against Banco Delta Asia was pretextual, denied.  Defendants further answer by stating that FinCEN's decision to issue the Notice of Finding and NPRM was not based on the fact of Banco Delta Asia's relationship with North Korean banks or customers, but instead on the money laundering activities occurring at Banco Delta Asia.  With respect to the third and fourth sentences, admitted that David Asher testified before Congress.  With respect to the third sentence, admitted that David Asher was Senior Advisor to the Assistant Secretary of State for East Asian and Pacific Affairs from 2001 through 2005; otherwise, insofar as the term "helped formulate the North Korean financial strategy" is undefined and vague, Defendants lack knowledge or information sufficient to admit or deny the allegations in the third sentence.  Insofar as the third and fourth sentences consist of Plaintiffs' characterization of Mr. Asher's testimony, Defendants respectfully refer the Court to that testimony for a full and complete statement of its contents.  To the extent that a response is deemed required, denied that Plaintiffs have accurately quoted from such testimony.

25.     Insofar as the terms "larger banks in Macau," "elsewhere in China," "elsewhere in Asia," "in Europe and around the world," "did business," and "targeted for a Section 311 designation" are undefined and vague, Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

26.     Insofar as the terms "this strategy" and "strategic" are undefined and vague, Defendants lack knowledge or information sufficient to admit or deny the allegations in the first sentence.  Defendants further answer by stating that FinCEN's decision to issue the Notice of

Finding and NPRM was not based on Banco Delta Asia's "size" or "location," but instead on the money laundering activities occurring at Banco Delta Asia.  The second, third, and fourth sentences consist of Plaintiffs' characterization of a news article; Defendants respectfully refer the Court to the news article for a full and complete statement of its contents.  With respect to the fifth, sixth, and seventh sentences, admitted that David Asher testified before Congress.  Insofar as the fifth, sixth, and seventh sentences consist of Plaintiffs' characterization of Mr. Asher's testimony, Defendants respectfully refer the Court to that testimony for a full and complete statement of its contents.  To the extent that a response is deemed required, denied that Plaintiffs have accurately quoted from such testimony.  Insofar as Plaintiffs allege in this paragraph that FinCEN's imposition of the fifth special measure against Banco Delta Asia was pretextual, denied.

27.     The first sentence consists of Plaintiffs' characterization of a Notice of Finding issued by FinCEN; Defendants respectfully refer the Court to the Notice of Finding for a full and complete statement of its contents.  To the extent that a response is deemed required, denied, except to admit that "on September 20, 2005, FinCEN published a Finding that reasonable grounds existed for concluding that BDA was a financial institution of primary money laundering concern."  The second sentence consists of Plaintiffs' characterization of an NPRM issued by FinCEN; Defendants respectfully refer the Court to the NPRM for a full and complete statement of its contents.  To the extent that a response is deemed required, admitted.  The third sentence consists of Plaintiffs' characterization of a Notice of Finding and NPRM issued by FinCEN; Defendants respectfully refer the Court to the Notice of Finding and NPRM for a full and complete statement of their contents.  To the extent that a response is deemed required, admitted.

28.     The first sentence consists of Plaintiffs' characterization of a Notice of Finding issued by FinCEN; Defendants respectfully refer the Court to the Notice of Finding for a full and complete statement of its contents.  To the extent that a response is deemed required, denied as an incomplete and inaccurate characterization of the basis for the Notice of Finding.  The second sentence consists of Plaintiffs' characterization of a Notice of Finding issued by FinCEN; Defendants respectfully refer the Court to the Notice of Finding for a full and complete statement of its contents.  To the extent that a response is deemed required, denied, except to admit that on September 20, 2005, FinCEN did not determine that reasonable grounds existed for concluding that the jurisdiction of North Korea or a North Korean financial institution was of primary money laundering concern.  Defendants further answer by stating that FinCEN does not issue special measures against "customers who were active participants in money laundering and other crimes."

29.     This paragraph consists of Plaintiffs' characterization of a Notice of Finding issued by FinCEN; Defendants respectfully refer the Court to the Notice of Finding for a full and complete statement of its contents.  To the extent that a response is deemed required, denied as an incomplete characterization of the Notice of Finding.

30.     This paragraph consists of Plaintiffs' characterization of a Notice of Finding and an NPRM issued by FinCEN; Defendants respectfully refer the Court to the Notice of Finding and NPRM for a full and complete statement of their contents.  To the extent that a response is deemed required, denied.

31.     The first sentence is admitted.  Insofar as the term "Macau authorities" is vague and undefined, Defendants lack knowledge or information sufficient to admit or deny the allegations in the second sentence; otherwise, admitted that FinCEN did not directly "raise its

10

concerns with" Macau bank regulators.  Defendants further answer by stating that the

Department of the Treasury raised concerns with Macau bank regulators.

32.     Denied.

33.     Insofar as the term "extensive controversy" is vague and undefined, Defendants

lack knowledge or information sufficient to admit or deny the allegations in the first sentence;

otherwise, Defendants lack knowledge or information sufficient to admit or deny the allegations

in the first sentence.  The second, third, fourth, fifth, sixth, and seventh sentences consist of

Plaintiffs' characterization of portions of a book; Defendants respectfully refer the Court to the

book for a full and complete statement of its contents.

34.     Insofar as the term "authorities" is vague and undefined, Defendants lack

knowledge or information sufficient to admit or deny the allegations in the first sentence that

"BDA discovered and reported to authorities"; otherwise, the first sentence is denied, except to

admit that in 1994, "counterfeit money had been deposited in certain accounts" at Banco Delta

Asia.  Insofar as the terms "fully cooperated," "the investigation," and "Macau and U.S.

authorities" are vague and undefined, Defendants lack knowledge or information sufficient to

admit or deny the allegations in the second sentence, except to deny that Banco Delta Asia

"closed the accounts of the customers involved in" counterfeiting activities.  Defendants lack

knowledge or information sufficient to admit or deny the allegations in the third and fourth

sentences.  Insofar as the term "more sophisticated technology" is vague and undefined,

Defendants lack knowledge or information sufficient to admit or deny the allegations in the fifth

sentence, except to admit that Banco Delta Asia purchased additional equipment to detect

counterfeiting.

11

35.     Insofar as the terms "investigation," "U.S. government investigators," and "relationships" are vague and undefined, Defendants lack knowledge or information sufficient to admit or deny the allegations in the first sentence.  Insofar as the term "U.S. government investigators" is vague and undefined, Defendants lack knowledge or information sufficient to admit or deny the allegations in the second sentence.  Insofar as the term "such relationships" is vague and undefined, Defendants lack knowledge or information sufficient to admit or deny the allegations in the third sentence; otherwise, denied, except to admit that on September 20, 2005, the NPRM issued by FinCEN proposed that the fifth special measure be imposed against Banco Delta Asia.  Defendants further answer by stating that FinCEN's decision to issue the Notice of Finding and NPRM was not based on the fact of Banco Delta Asia's relationship with North Korean customers, but instead on the money laundering activities occurring at Banco Delta Asia.

36.     Insofar as the term "effect" is vague and undefined, Defendants lack knowledge or information sufficient to admit or deny the allegations in the first sentence.  Defendants lack knowledge or information sufficient to admit or deny the allegations in the second sentence, except to admit that as of September 20, 2005, an NPRM issued by FinCEN proposed the fifth special measure and went into effect in April 2007.  Defendants lack knowledge or information sufficient to admit or deny the allegations in the third sentence.  Defendants lack knowledge or information sufficient to admit or deny the allegations in the fourth sentence regarding the "fear[]" of "non-U.S. banks" and whether such banks "cut off ties"; otherwise, denied. Defendants lack knowledge or information sufficient to admit or deny the allegations in the fifth sentence.

37.     Defendants lack knowledge or information sufficient to admit or deny the allegations in the first, second, and third sentences.  Defendants lack knowledge or information

sufficient to admit or deny the allegations in the fourth sentence, except to admit that after

FinCEN issued its Notice of Finding and NPRM, the Macau Monetary Authority appointed a

three person "administrative committee" that temporarily replaced the senior management of

Banco Delta Asia to oversee the daily operations of the bank and address the concerns FinCEN

raised.

38.    With respect to the first sentence, denied insofar as Plaintiffs allege that "FinCEN

had hoped."  Insofar as the terms "cut off," "significantly restricted," and "relationships" are

vague and undefined, Defendants lack knowledge or information sufficient to admit or deny the

allegations in the first sentence; otherwise, Defendants can neither confirm nor deny the

allegations in the first sentence, as doing so would tend to reveal privileged and/or classified

information.  The second, third, and fourth sentences consist of Plaintiffs' characterization of

portions of a book; Defendants respectfully refer the Court to the book for a full and complete

statement of its contents.

39.    Insofar as the term "relationship" is vague and undefined, Defendants lack

knowledge or information sufficient to admit or deny the allegations in the first sentence;

otherwise, denied, except to admit that Banco Delta Asia has taken certain preliminary steps to

address concerns identified in the Notice of Finding and NPRM issued by FinCEN.  Defendants

further answer by stating that, notwithstanding these steps, it remains concerned about the extent

to which Banco Delta Asia still could be used for illicit purposes.  The second sentence is denied.

Insofar as the term "effectively closed" is vague and undefined, Defendants lack knowledge or

information sufficient to admit or deny the allegations in the third sentence.  Defendants lack

knowledge or information sufficient to admit or deny the allegations in the fourth sentence.

40.     The first sentence is admitted.  The second sentence consists of Plaintiffs'
characterization of portions of a review by Ernst & Young Transactions Limited; Defendants
respectfully refer the Court to the review for a full and complete statement of its contents.

41.     Defendants lack knowledge or information sufficient to admit or deny the
allegations in the first sentence, except to admit that Banco Delta Asia submitted to FinCEN a
summary of work purportedly authored by Deloitte Touche Tomatsu; Defendants respectfully
refer the Court to the summary of work for a full and complete statement of its contents.  The
second sentence consists of Plaintiffs' characterization of two reports by Deloitte Touche
Tomatsu; Defendants respectfully refer the Court to the reports for a full and complete statement
of their contents.  Defendants lack knowledge or information sufficient to admit or deny the
allegations in the third sentence.

42.     Insofar as the term "repeatedly" is undefined and vague, Defendants lack
knowledge or information sufficient to admit or deny the allegations in the first sentence; the
allegation is also vague insofar as it does not identify from whom "BDA sought . . . to get
details"; otherwise, admitted that Banco Delta Asia communicated with FinCEN regarding the
Notice of Finding and NPRM.  The second sentence is denied.

43.     Insofar as the terms "[r]egulatory authorities in Macau and Hong Kong" and
"investigations" are undefined and vague, Defendants lack knowledge or information sufficient
to admit or deny the allegations in the first sentence.  Insofar as the term "was informed" is
undefined and vague, Defendants lack knowledge or information sufficient to admit or deny the
allegations in the second sentence.  Defendants lack knowledge or information sufficient to
admit or deny the allegations in the third sentence.

44.     With respect to the first sentence, admitted that Macau permitted a representative of the Department of the Treasury "to copy more than 200,000 pages of BDA records[,]" and denied that the "allegations in the Finding" were "vague"; otherwise, insofar as the term "U.S. Treasury investigators" is undefined and vague, Defendants lack knowledge or information sufficient to admit or deny the allegations in the first sentence.  Defendants lack knowledge or information sufficient to admit or deny the allegations in the second sentence.  Insofar as the term "dozens of individuals" is undefined and vague, Defendants lack knowledge or information sufficient to admit or deny the allegations in the third sentence; otherwise, denied that FinCEN's actions are in "contrast" to actions by other components of the U.S. Government, and denied that "FinCEN singled BDA out in the Finding."

45.     With respect to the first sentence, admitted, except that insofar as the term "ultimately" is undefined and vague, Defendants lack knowledge or information sufficient to admit or deny the allegations in the first sentence.  The second and third sentences are denied. Insofar as the term "a State Department representative" is undefined and vague, Defendants lack knowledge or information sufficient to admit or deny the allegations in the fourth sentence. Insofar as the term "a State Department cable" is undefined and vague, Defendants lack knowledge or information sufficient to admit or deny the allegations in the fifth sentence. Defendants further answer by stating that the cable referenced by Plaintiffs may be privileged and/or classified.  Insofar as the terms "media reports" and "internal State department cables" are undefined and vague, Defendants lack knowledge or information sufficient to admit or deny the allegations in the sixth sentence.  Defendants respectfully refer the Court to the media reports for a full and complete statement of their contents.  Defendants further answer by stating that the cables referenced by Plaintiffs may be privileged and/or classified.

46.     This paragraph consists of Plaintiffs' characterization of portions of a book; Defendants respectfully refer the Court to the book for a full and complete statement of its contents.  Insofar as Plaintiffs allege in the first sentence that there was "a lack of evidence of wrongdoing by BDA," denied.

47.     The first sentence consists of Plaintiffs' characterization of a final rule issued by FinCEN; Defendants respectfully refer the Court to the final rule for a full and complete statement of its contents.  To the extent that a response is deemed required, admitted that on March 19, 2007, FinCEN published a final rule imposing the fifth special measure against Banco Delta Asia as a financial institution of primary money laundering concern; otherwise, denied. Defendants can neither confirm nor deny the allegations in the second sentence, as doing so would tend to reveal privileged and/or classified information, except that Defendants lack knowledge or information sufficient to admit or deny the allegations of "further stigma."  The third sentence consists of Plaintiffs' characterization of an announcement by the Department of the Treasury; Defendants respectfully refer the Court to the announcement for a full and complete statement of its contents.  To the extent that a response is deemed required, Defendants lack knowledge or information sufficient to admit or deny the allegations in the third sentence.

48.     The first sentence consists of Plaintiffs' characterization of a final rule issued by FinCEN; Defendants respectfully refer the Court to the final rule for a full and complete statement of its contents.  To the extent that a response is deemed required, admitted that Plaintiffs have accurately quoted portions of the final rule.  The second sentence consists of Plaintiffs' characterization of a final rule issued by FinCEN; Defendants respectfully refer the Court to the final rule for a full and complete statement of its contents.  To the extent that a response is deemed required, admitted.

49.     The first and second sentences consist of Plaintiffs' characterization of a final rule issued by FinCEN; Defendants respectfully refer the Court to the final rule for a full and complete statement of its contents.  To the extent that a response is deemed required, admitted that Plaintiffs have accurately quoted portions of the final rule.  The third sentence consists of Plaintiffs' characterization of a final rule issued by FinCEN; Defendants respectfully refer the Court to the final rule for a full and complete statement of its contents.  Insofar as Plaintiffs allege in the third sentence that "the Ernst & Young report refuted FinCEN's allegations that BDA had knowingly been involved in counterfeiting or money laundering," denied.

50.     The first sentence consists of Plaintiffs' characterization of a final rule issued by FinCEN; Defendants respectfully refer the Court to the final rule for a full and complete statement of its contents.  To the extent that a response is deemed required, denied that Plaintiffs have accurately quoted portions of the final rule.  Insofar as Plaintiffs allege in the first sentence that "none of which were at that time (or since then) customers of BDA," denied.  The second sentence consists of Plaintiffs' characterization of a final rule issued by FinCEN; Defendants respectfully refer the Court to the final rule for a full and complete statement of its contents.  To the extent that a response is deemed required, admitted that Plaintiffs have accurately quoted portions of the final rule.  The third and fourth sentences are denied.  Defendants can neither confirm nor deny the allegations in the fifth sentence, as doing so would tend to reveal privileged and/or classified information.  Further, insofar as the terms "actively involved in efforts" and "complicated" are undefined and vague, Defendants lack knowledge or information sufficient to admit or deny the allegations in the fifth sentence.  The sixth sentence is denied.

51.     The first sentence consists of Plaintiffs' characterization of a final rule issued by FinCEN; Defendants respectfully refer the Court to the final rule for a full and complete

statement of its contents.  To the extent that a response is deemed required, admitted that

Plaintiffs have accurately quoted portions of the final rule.  The second sentence consists of

Plaintiffs' characterization of a final rule and NPRM issued by FinCEN; Defendants respectfully

refer the Court to the final rule and NPRM for a full and complete statement of their contents.

To the extent that a response is deemed required, denied, except to admit that, as stated in the

NPRM, "[t]his finding of primary money laundering concern shall apply exclusively to Banco

Delta Asia and its branches, offices, and subsidiaries, and not to Delta Asia Group (Holdings)

Ltd., or any of its other subsidiaries."  The third sentence consists of Plaintiffs' characterization

of an NPRM issued by FinCEN; Defendants respectfully refer the Court to the NPRM for a full

and complete statement of its contents.  To the extent that a response is deemed required,

admitted.  Defendants further answer by stating that information supporting FinCEN's prediction

regarding recidivism is located in the Notice of Finding, and that information reflected in

FinCEN's 2019 denial of Plaintiffs' 2010 petition confirms FinCEN's prediction.  The fourth

sentence is denied.  The fifth sentence consists of legal conclusions, not allegations of fact to

which a response is required.  To the extent that a response is deemed required, denied.

52.     This paragraph consists of Plaintiffs' characterization of a final rule issued by

FinCEN; Defendants respectfully refer the Court to the final rule for a full and complete

statement of its contents.  To the extent that a response is deemed required, denied.

53.     With respect to the first sentence, admitted that on July 13, 2006, FinCEN

withdrew its April 26, 2005 finding that joint stock company Multibanka is a financial institution

of primary money laundering concern and its notice of proposed rulemaking recommending the

imposition of a special measure against Multibanka.  The second sentence is admitted, except to

deny that Multibanka is "like BDA."  The third sentence consists of Plaintiffs' characterization

of a notice of proposed rulemaking issued by FinCEN; Defendants respectfully refer the Court to the notice of proposed rulemaking for a full and complete statement of its contents.  To the extent that a response is deemed required, admitted.

54.     The first sentence consists of Plaintiffs' characterization of a withdrawal of a notice of proposed rulemaking issued by FinCEN; Defendants respectfully refer the Court to the withdrawal for a full and complete statement of its contents.  To the extent that a response is deemed required, denied.  The second sentence consists of Plaintiffs' characterization of a withdrawal of a notice of proposed rulemaking issued by FinCEN; Defendants respectfully refer the Court to the withdrawal for a full and complete statement of its contents.  To the extent that a response is deemed required, admitted that Plaintiffs have accurately quoted portions of that withdrawal; otherwise, denied.  The third sentence consists of Plaintiffs' characterization of a withdrawal of a notice of proposed rulemaking issued by FinCEN; Defendants respectfully refer the Court to the withdrawal for a full and complete statement of its contents.  To the extent that a response is deemed required, denied as an incomplete characterization of the basis for the withdrawal.

55.     This paragraph consists of Plaintiffs' characterization of a withdrawal of a notice of proposed rulemaking issued by FinCEN; Defendants respectfully refer the Court to the withdrawal for a full and complete statement of its contents.  To the extent that a response is deemed required, denied that remedial actions undertaken by Multibanka were "similar to those" undertaken by Banco Delta Asia, and otherwise denied as an incomplete characterization of the basis for the withdrawal.  Defendants further answer by stating that FinCEN's 2019 decision denying Banco Delta Asia's 2010 petition, which has been transmitted to the bank, provides a full and complete explanation as to why Banco Delta Asia's remedial efforts are not sufficient;

namely, (1) Banco Delta Asia's records contain significant gaps in data; (2) Banco Delta Asia did not provide complete information regarding North Korea-related accounts to the multiple independent accounting and consulting firms it retained to evaluate the bank's operations; (3) Banco Delta Asia did not adequately address customer due diligence procedures found to be deficient by these independent accounting and consulting firms, including a failure to maintain adequate customer identification files, incorrect risk ranking, and inadequate information technology systems; (4) personnel retention-related deficiencies remain in Banco Delta Asia's Legal and Compliance Division; and (5) Banco Delta Asia has not addressed deficiencies in its corporate structure.

56.     Denied, except to admit that FinCEN withdrew its finding that Multibanka is a financial institution of primary money laundering concern as of July 13, 2006.  Defendants further answer by stating that FinCEN's 2019 decision denying Plaintiffs' 2010 petition includes the specific reasons that FinCEN declined to remove the fifth special measure against Banco Delta Asia, including the fact that, *inter alia*, (1) Banco Delta Asia's records contain significant gaps in data; (2) Banco Delta Asia did not provide complete information regarding North Korea-related accounts to the multiple independent accounting and consulting firms it retained to evaluate the bank's operations; (3) Banco Delta Asia did not adequately address customer due diligence procedures found to be deficient by these independent accounting and consulting firms, including a failure to maintain adequate customer identification files, incorrect risk ranking, and inadequate information technology systems; (4) personnel retention-related deficiencies remain in Banco Delta Asia's Legal and Compliance Division; and (5) Banco Delta Asia has not addressed deficiencies in its corporate structure.

57.     The first sentence is admitted.  The second sentence consists of Plaintiffs'
characterization of a petition to rescind the final rule; Defendants respectfully refer the Court to
the petition for a full and complete statement of its contents.  Insofar as Plaintiffs allege in the
second sentence that "the Final Rule was arbitrary and capricious[] and violated BDA's
procedural rights," the second sentence consists of legal conclusions, not allegations of fact to
which a response is required.  To the extent that a response is deemed required, denied.

58.     The first sentence consists of Plaintiffs' characterization of a petition to rescind
the final rule; Defendants respectfully refer the Court to the petition for a full and complete
statement of its contents.  Insofar as Plaintiffs allege in the first sentence that "FinCEN failed to
provide adequate notice of its concerns about BDA's owners," the first sentence consists of legal
conclusions, not allegations of fact to which a response is required.  To the extent that a response
is deemed required, denied.  The second sentence consists of Plaintiffs' characterization of a
petition to rescind the final rule; Defendants respectfully refer the Court to the petition for a full
and complete statement of its contents.  Insofar as Plaintiffs allege in the second sentence that the
petition "substantively addressed FinCEN's concerns about the potential for recidivism," denied.

59.     The first sentence is admitted.  The second sentence consists of Plaintiffs'
characterization of a decision by FinCEN to deny a petition to rescind the final rule; Defendants
respectfully refer the Court to the denial decision for a full and complete statement of its
contents.  To the extent that a response is deemed required, denied as an incomplete
characterization of the basis for the denial decision.

60.     This paragraph consists of Plaintiffs' characterization of a decision by FinCEN to
deny a petition to rescind the final rule; Defendants respectfully refer the Court to the denial

decision for a full and complete statement of its contents.  To the extent that a response is deemed required, denied as an incomplete characterization of the basis for the denial decision.

61.     This paragraph consists of Plaintiffs' characterization of decisions by FinCEN to deny petitions to rescind the final rule; Defendants respectfully refer the Court to the denial decisions for a full and complete statement of their contents.  To the extent that a response is deemed required, admitted that Plaintiffs have accurately quoted portions of the denial decisions. Defendants further answer by stating that on or about November 16, 2010, Banco Delta Asia filed another petition with FinCEN to rescind the final rule imposing a fifth special measure against the bank; by letter dated September 26, 2019, FinCEN informed Banco Delta Asia of its decision to deny Banco Delta Asia's administrative petition to rescind the final rule and subsequently provided Banco Delta Asia's counsel with redacted versions of FinCEN's September 26, 2019 decision and supporting exhibits; and FinCEN's 2019 denial of Banco Delta Asia's 2010 petition establishes that remand by this Court would be futile, since the agency has essentially already reconsidered the 2007 final rule and determined that circumstances do not warrant a change in agency position at this time.

62.     With respect to the first sentence, admitted that "[i]n September 2007, the Macau government returned control of BDA to Delta Asia Group."  Otherwise, the first sentence consists of Plaintiffs' characterization of a press release; Defendants respectfully refer the Court to the press release for a full and complete statement of its contents.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

63.     Insofar as the terms "substantial resources" and "continued strengthening" are undefined and vague, Defendants lack knowledge or information sufficient to admit or deny the allegations in the first sentence.  Insofar as the terms "professional management" and "notable

banking and/or accounting experience" are undefined and vague, Defendants lack knowledge or information sufficient to admit or deny the allegations in the second sentence.  The third sentence is denied.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence regarding Banco Delta Asia's "struggl[es]"; otherwise, denied.

64.     Defendants repeat and incorporate by reference their responses to all preceding paragraphs.

65.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, insofar as the term "cut off" is vague and undefined, Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph; otherwise, denied.

66.     Insofar as the term "severe, immediate impact on BDA's business" is vague and undefined, Defendants lack knowledge or information sufficient to admit or deny the allegations in the first sentence.  The second sentence consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, denied.

67.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, denied.

68.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, denied.

69.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, denied.

70.     Defendants repeat and incorporate by reference their responses to all preceding paragraphs.

71.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, denied.

72.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, denied.

73.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, denied.

74.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, denied.

75.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, denied.

76.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, denied.

77.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, denied.

78.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, denied.

79.     Defendants repeat and incorporate by reference their responses to all preceding paragraphs.

80.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, denied.

81.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, denied.

82.     The first sentence consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, denied as an incomplete and inaccurate statement of relevant doctrine.  The second sentence consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, denied as an incomplete statement of relevant doctrine.

83.     The first sentence consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, denied as an incomplete and inaccurate statement of relevant doctrine.  The second sentence consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, denied as an incomplete statement of relevant doctrine.

84.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, denied.

85.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, denied.

86.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, denied.

87.     The first sentence is admitted.  Insofar as the term "Macau authorities" is vague and undefined, Defendants lack knowledge or information sufficient to admit or deny the allegations in the second sentence; otherwise, admitted that FinCEN did not directly "raise its concerns with" Macau bank regulators.  Defendants further answer by stating that the Department of the Treasury raised concerns with Macau bank regulators.  The third sentence consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, denied.  With respect to the fourth sentence, denied,

except to admit that the final rule issued by FinCEN included certain factual findings not included in the Notice of Finding.  Defendants further answer by stating that the final rule included findings based on information submitted in part by Banco Delta Asia after issuance of the NPRM.  The fifth sentence consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, denied.

88.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, denied.

89.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, denied.

90.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, denied.

91.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, denied.

92.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, denied.

93.     Defendants repeat and incorporate by reference their responses to all preceding paragraphs.

94.     This paragraph consists of Plaintiffs' characterization of a clause of the U.S. Constitution; Defendants respectfully refer the Court to the Constitution for a full and complete statement of its contents.  To the extent that a response is deemed required, admitted that Plaintiffs have accurately quoted a portion of Article I, clause 1 of the Constitution.

95.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, denied.

96.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, denied.

97.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, denied.

The remainder of the First Amended Complaint consists of a request for relief, not allegations of fact to which a response is required.  To the extent that a response is deemed required, Defendants deny that Plaintiffs are entitled to this relief or any relief whatsoever.

## DEFENSES

1.     Plaintiffs fail to state a claim on which relief may be granted.

2.     The Court lacks subject-matter jurisdiction over Plaintiffs' claims.

3.     Any errors cited by Plaintiffs are harmless in light of FinCEN's denials of Plaintiffs' administrative petitions.

4.     Remand to address any errors cited by Plaintiffs would be futile in light of FinCEN's denials of Plaintiffs' administrative petitions.


THEREFORE, having fully answered, Defendants assert that Plaintiffs are not entitled to the relief requested, or to any relief whatsoever, and request that this action be dismissed with prejudice and that Defendants be given such other relief as the Court deems just and proper. Each and every allegation of the First Amended Complaint not heretofore expressly admitted or denied is hereby denied.


Dated: February 10, 2020                    Respectfully submitted,

                                            JOSEPH H. HUNT
                                            Assistant Attorney General

DIANE KELLEHER
Assistant Branch Director

*/s/ Stuart J. Robinson*
STUART J. ROBINSON
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
450 Golden Gate Ave.
San Francisco, CA 94102
Telephone: (415) 436-6635
Fax: (415) 436-6632
Email: stuart.j.robinson@usdoj.gov

*Counsel for Defendants*